UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

| | |
|---|---|
| DAVID PAUL TIMMONS,<br><br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>BRAD SCHREIBER, in his individual and official capacity; ESTATE OF BRAD SCHREIBER; and THE SCHREIBER LAW FIRM, PROF. L.L.C.,<br><br>　　　　　　　　Defendants. | 3:24-CV-03024-RAL<br><br>1915 SCREENING ORDER DISMISSING COMPLAINT |

Plaintiff David Paul Timmons an inmate at the Mike Durfee State Prison filed a pro se civil rights action under 42 U.S.C. § 1983.[1] Doc. 1. This Court granted Timmons' motion for leave to proceed in forma pauperis, and he timely paid his filing fee. Doc. 6. This Court now screens Timmons' complaint under 42 U.S.C. § 1915(e)(2).

I.    **Factual Background as Alleged in Timmons' Complaint[2]**

Timmons was charged with aggravated assault in state court. Doc. 1 ¶ 14. In April or May of 2020, he contracted with Attorney Brad Schreiber of The Schreiber Law Firm, Prof. L.L.C., to

---

[1] Timmons also claims that his complaint is brought under 42 U.S.C. § 1988. Doc. 1 ¶ 2. The Supreme Court of the United States has stated:
> Section 1988 does not enjoy the independent stature of an Act of Congress providing for the protection of civil rights. Rather, as is plain on the face of the statute, the section is intended to complement the various acts which do create federal causes of action for the violation of federal civil rights.

Moor v. Cnty. of Alameda, 411 U.S. 693, 702 (1973) (cleaned up); see also Rose v. Kenyon Coll., 211 F. Supp. 2d 931, 989 (S.D. Ohio 2002). Because § 1988 does not establish an independent cause of action, this Court does not analyze Timmons' claims under § 1988.

[2] This Court takes the facts alleged by Timmons as true in screening his complaint. Timmons' complaint includes significant detail about Schreiber's acts throughout his representation. Because the detailed facts do not change this Court's analysis, a concise version of the facts is included in this Order.

represent him in his state proceeding. Id. Timmons alleges that Schreiber violated his rights and committed malpractice before, during, and after the trial. See generally id.

Timmons claims that Schreiber failed to adequately prepare for the case and conducted insufficient discovery. Id. ¶¶ 16–19, 34. During the trial, Schreiber did not object to allegedly improper statements, questions, evidence, or procedure. See generally id. Schreiber failed to present evidence that the alleged victim of the assault was under the influence of methamphetamine or that the prosecutor had threatened the alleged victim with thirty years' imprisonment. Id. ¶¶ 25–34, 40, 54. Schreiber also said that Timmons was not going to be able to testify, despite Timmons' belief that it was important that he do so. Id. ¶ 52. Timmons claims that Schreiber's conduct contributed to the guilty verdict. Id. ¶ 75. Timmons alleges that in the motion for judgment of acquittal and motion for new trial, Schreiber failed to raise arguments that Timmons identified. Id. ¶¶ 66–67.

Timmons sues Schreiber,[3] as well as his estate and law firm, in individual and official capacities. Id. at 1. He claims that Schreiber violated his rights under the Sixth and Fourteenth Amendments and alleges state-law claims for malpractice and breach of fiduciary duty. Id. at 17–19. He seeks injunctive or declaratory relief declaring that Schreiber's conduct was illegal and in violation of his civil rights; he also requests that he be given his entire criminal case file. Id. at 19. He seeks compensatory, general, and special damages totaling $750,000 and punitive damages of $3,250,000, or in an amount that a jury deems just. Id. at 20.

---

[3] Schreiber died on July 16, 2023, after a short battle with leukemia. Obituary, Isburg Funeral Chapels, https://www.isburgfuneralchapels.com/obituaries/Bradley-Allen-Schreiber?obId=28468605 (last visited May 30, 2025).

## II. Legal Standard

A court when screening under § 1915 must assume as true all facts well pleaded in the complaint. Est. of Rosenberg v. Crandell, 56 F.3d 35, 36 (8th Cir. 1995). Pro se and civil rights complaints must be liberally construed. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted); Bediako v. Stein Mart, Inc., 354 F.3d 835, 839 (8th Cir. 2004) (citation omitted). Even with this construction, "a *pro se* complaint must contain specific facts supporting its conclusions." Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) (citation omitted); see also Ellis v. City of Minneapolis, 518 F. App'x 502, 504 (8th Cir. 2013) (per curiam) (citation omitted). Civil rights complaints cannot be merely conclusory. Davis v. Hall, 992 F.2d 151, 152 (8th Cir. 1993) (per curiam) (citation omitted); Parker v. Porter, 221 F. App'x 481, 482 (8th Cir. 2007) (per curiam) (citations omitted).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citation omitted). If a complaint does not contain these bare essentials, dismissal is appropriate. See Beavers v. Lockhart, 755 F.2d 657, 663–64 (8th Cir. 1985). Twombly requires that a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true[.]" 550 U.S. at 555 (internal citation omitted); see also Abdullah v. Minnesota, 261 F. App'x 926, 927 (8th Cir. 2008) (per curiam) (noting that a complaint "must contain either direct or inferential allegations respecting all material elements necessary to sustain recovery under some viable legal theory" (citing Twombly, 550 U.S. at 553–63)). Further, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable, and that a recovery is very remote and unlikely." Braden v. Wal-Mart

Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (internal quotation omitted) (quoting Twombly, 550 U.S. at 556).

When a district court determines a plaintiff is financially eligible to proceed in forma pauperis under 28 U.S.C. § 1915(a), the court must then determine whether the complaint should be dismissed under 28 U.S.C. § 1915(e)(2)(B). Martin-Trigona v. Stewart, 691 F.2d 856, 857 (8th Cir. 1982); see also Key v. Does, 217 F. Supp. 3d 1006, 1007 (E.D. Ark. 2016). The court must dismiss claims if they "(i) [are] frivolous or malicious; (ii) fail[ ] to state a claim on which relief may be granted; or (iii) seek[ ] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).[4]

### III. Discussion

#### A.     1983 Claims

Timmons sues his criminal defense counsel, as well as his defense counsel's estate and law firm, for violating his rights under the Sixth and Fourteenth Amendments. Doc. 1 at 17–18. A § 1983 claim may be brought only against state actors for violations of a federal statutory or constitutional right. 42 U.S.C. § 1983. Defense counsel generally is not a state actor under § 1983 because he or she serves an adversarial function to the state when representing a defendant. Polk Cnty. v. Dodson, 454 U.S. 312, 325 (1981).

"[A] private party may be held liable on a § 1983 claim if 'he is a willful participant in joint action with the State or its agents.' " Mershon v. Beasley, 994 F.2d 449, 451 (8th Cir. 1993) (quoting Dennis v. Sparks, 449 U.S. 24, 27 (1980)). "[A] plaintiff seeking to hold a private party liable under § 1983 must allege, at the very least, that there was a mutual understanding, or a

---

[4] Although Timmons is a prisoner, this Court screens his complaint under only § 1915, not 28 U.S.C. § 1915A, because he does not "seek[] redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).

4

meeting of the minds, between the private party and the state actor." Id. Here, Timmons does not allege that Schreiber had a meeting of the minds or was a willful participant in joint action with the State of South Dakota. See generally Doc. 1. Thus, Timmons' § 1983 claims against Schreiber, his estate, and law firm are dismissed without prejudice for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii).

### B. State-Law Claims

Timmons alleges state-law claims of legal malpractice and breach of fiduciary duty. Doc. 1 at 18–19. Because these claims do not arise "under the Constitution, laws, or treaties of the United States[,]" this Court does not have federal question jurisdiction over these claims. 28 U.S.C. § 1331. Timmons also has not alleged diversity jurisdiction over his state-law claims. Indeed, Timmons and Schreiber's estate and law firm all appear to be in the same state–South Dakota. Doc. 1 ¶¶ 8–11. See also 28 U.S.C. § 1332(a); OnePoint Sols., LLC v. Borchert, 486 F.3d 342, 346 (8th Cir. 2007) (citation omitted). Thus, because all claims over which a federal court might have original jurisdiction have been dismissed, this Court declines to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c)(3).

### IV. Conclusion

Accordingly, it is

ORDERED that Timmons' § 1983 claims are dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii). It is further

ORDERED that Timmons' state-law claims are dismissed without prejudice under 28 U.S.C. § 1367(c)(3).

DATED June 2nd, 2025.

                                            BY THE COURT:

                                            ROBERTO A. LANGE
                                            CHIEF JUDGE